**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

OPTIV SECURITY INC.,                )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    Civil Action No. 24-216-MN-SRF
                                    )
PROTEGO FINANCIAL CORPORATION,)
                                    )
        Defendant.                  )

## REPORT AND RECOMMENDATION

Presently before the court is plaintiff, Optiv Security Inc.'s ("Plaintiff") motion for Entry

of Default Judgment against Protego Financial Corporation ("Defendant") pursuant to Federal

Rule of Civil Procedure 55(b)(1). (D.I. 14) I recommend that the court GRANT Plaintiff's

motion and direct the Clerk of Court to enter a default judgment in favor of Plaintiff in the

amount of $1,561,048.99, which includes the underlying past due balance of $1,233,860.49, plus

applicable late fees and pre-judgment interest of $327,188.50, in the following form:

WHEREAS, on February 16, 2024, Plaintiff filed this action, against Defendant, Protego

Trust Company. (D.I. 1) The complaint was amended on April 19, 2024, alleging causes of

action against Protego Financial Corporation, the successor-in-interest to Protego Trust

Company, for breach of contract, breach of the duty of good faith and fair dealing, book account,

unjust enrichment, and quantum meruit, relating to Defendant's failure to make payments

pursuant to an Agreement between the parties, entered into on July 30, 2021 ("Agreement").

(D.I. 6 at ¶¶ 18-46; D.I. 6-1) Pursuant to the parties' Agreement, Defendant agreed to purchase

certain third-party products and services from Plaintiff, totaling an estimated $2,039,091.49.

(D.I. 15 at ¶ 2) Plaintiff's declaration demonstrates that the Defendant owes unpaid amounts on

twenty three invoices. (*Id.* at ¶ 5) Of the outstanding invoices, nineteen are subject to a late

payment penalty in the amount of 1.5% interest per month. (*Id.*)  The remaining four invoices, which are associated with Sales Order 1588048-7, are subject to a late payment penalty in the amount of 16% interest per annum and a late charge of 5%. (*Id.*);

WHEREAS, Plaintiff served the summons and amended complaint upon Defendant's registered agent on April 25, 2024 (D.I. 8; D.I. 10 at ¶¶ 5, 15; D.I. 10-1, Ex. 4), and on May 2, 2024, the summons was returned having been executed by the Defendant's registered agent. (D.I. 8);

WHEREAS, Defendant failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure on or before May 16, 2024. (Fed. R. Civ. P. 12; D.I. 10 at ¶ 16);

WHEREAS, Plaintiff filed a request for Entry of a Default in Appearance pursuant to Rule 55(a) (D.I. 9), on May 24, 2024 (the "Entry of Default in Appearance").  (D.I. 9; D.I. 10);

WHEREAS, Plaintiff served the request for Entry of Default in Appearance on Defendant through Defendant's registered agent on May 31, 2024. (D.I. 11-1);

WHEREAS, on June 24, 2024, the Clerk of the Court entered the Default in Appearance against Defendant pursuant to Rule 55(a). (D.I. 12);

WHEREAS, Plaintiff served the Entry of Default in Appearance on Defendant through Defendant's registered agent on June 26, 2024. (D.I. 13-1);

WHEREAS, on August 23, 2024, Plaintiff filed a motion for Entry of Default Judgment (the "Default Judgment") pursuant to Rule 55(b)(1) for a sum certain. (D.I. 14);

WHEREAS, Federal Rule of Civil Procedure 55(b)(1) authorizes the Entry of Default Judgment by the Clerk of Court for a sum certain[1] after the Clerk of Court enters the Default in

---

[1] "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v.*

Appearance under Rule 55(a). *See* Fed. R. Civ. P. 55; *see also J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016);

WHEREAS, the Entry of Default in Appearance under Rule 55(a) was entered by the Clerk of Court on June 24, 2024 (D.I. 12), and copies of the Entry of Default in Appearance were served on Defendant's registered agent. (D.I. 13-1);

WHEREAS, the motion for Default Judgment was referred to the undersigned Magistrate Judge on September 27, 2024. (D.I. 17);

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Rule 55(b)(1) motion for Entry of Default Judgment is GRANTED. The Clerk of Court is instructed to enter Default Judgment in favor of Plaintiff and against Defendant as follows:

| | |
|---|---|
| Principal amount due: | $1,233,860.49 |
| Late Fees and Pre-Judgment Interest: | $327,188.50[2] |
| **TOTAL:** | **$1,561,048.99** |

---

*Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). To satisfy the certainty requirements for the amount of the default judgment under Rule 55(b)(1), a plaintiff must do more than simply request a specific amount. *See Liberty Bell Equip. Corp. v. Coastal Tool Supply, LLC*, 2018 WL 5885455, at *1 (E.D. Pa. Nov. 9, 2018); *see also* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2683 (4th ed.). Rather, the plaintiff must demonstrate "that the amount requested is reasonable under the circumstances." *Holliday v. Cabreara & Assocs., P.C.*, 2007 WL 30291, at *1 (E.D. Pa. Jan. 4, 2007). The amount of the default judgment requested by Plaintiff is a sum certain based on the terms of the underlying service agreement executed by the parties, which is attached as Exhibit A-B to the complaint. (D.I. 6-1) Because the amount of the judgment is a sum agreed upon by the parties in the underlying agreement, plus interest, no evidentiary hearing or testimony is required to determine the amount of the judgment. *See* 46 Am. Jur. 2d Judgments § 288 ("[T]he requirement of a hearing on damages is subject to an exception when the amount claimed is a liquidated sum or one capable of mathematical calculation.").

[2] The amount of pre-judgment interest appears to have been calculated as of the date Plaintiff filed the motion for Entry of Default Judgment. This amount may be adjusted to account for pre-judgment interest accruing between the filing of the motion and the date of the Entry of Default Judgment.

IT IS FURTHER ORDERED that post-judgment interest shall accrue at the statutory rate as prescribed by 28 U.S.C. § 1961.

Upon the Entry of the Default Judgment by the Clerk of Court under Rule 55(b)(1), Plaintiff shall serve a copy of the Default Judgment on Defendant by mailing copies to: (1) the last known address for Defendant at its principal place of business and (2) Defendant's registered agent, and shall file proofs of service regarding same.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.dcd.uscourts.gov.

Dated: November 12, 2024

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

4